Hilary H. Jernigan v. Commissioner.
Hilary H. Jernigan v. Commissioner
Docket No. 16858.
United States Tax Court
1948 Tax Ct. Memo LEXIS 53; 7 T.C.M. (CCH) 801; T.C.M. (RIA) 48225; October 27, 1948
*53 Hilary H. Jernigan, pro se. S. Earl Heilman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a redetermination of a deficiency in petitioner's income tax for the year 1945 in the amount of $51.05. The deficiency arises out of the respondent's disallowance of deductions amounting to $691.78 claimed in petitioner's return as a loss from the operation of an automobile for profit. Findings of Fact The petitioner, an individual, resided in Foley, Alabama, during the year 1945. His federal income tax return for that year was filed with the collector of internal revenue for the district of Alabama. During the greater part of the year 1945 he was employed by the Alabama Dry Dock & Shipbuilding Company, of Mobile, Alabama, approximately 40 to 45 miles from Foley. In his return for the taxable year he reported wages received from that company in the amount of $2,406.22. He was employed during a small portion of the year by the Gulf Service Company at Foley, Alabama. He reported income from that company for the year 1945 in the amount of $174.90. In his income tax return for 1945 the petitioner claimed a deduction for *54 loss in the amount of $691.78, computed as follows: Total receipts - riders in car $150.00 Less: 12,155 miles in car at 5"
$607.75
Tools expense
32.53
Depreciation - 20% of $650
130.00
Meals
71.50
841.78
Net profit (loss)
($691.78)
The item denominated as "tools expense" in his return represented electrical tools belonging to the petitioner which he used in the course of his employment with the Alabama Dry Dock & Shipbuilding Company. The item denominated "meals" represented noonday meals purchased by the petitioner at Mobile during his employment at that place. All of the items contained in the return were estimated amounts and petitioner was unable to explain how any of the items were computed. Petitioner was employed by the Alabama Dry Dock & Shipbuilding Company as a steel worker doing electrical work, and during the year 1945 he and his brother took turns driving their cars to and from Mobile. They also carried four other workers in the car and received compensation from each of them at the rate of $1 per day for the round trip. Petitioner purchased his automobile for the sum of $650, with the idea of providing himself with transportation from *55 Foley to his work in Mobile, and also for the purpose of making a profit by transporting other workers from Foley to and from Mobile. Opinion LEMIRE, Judge: The petitioner contends that he is entitled to the deductions claimed as a loss incurred in a transaction entered into for profit under the provisions of section 23(e)(1)(2) [1] of the Internal Revenue Code. Respondent contends that even though the operation of the car may have been a transaction entered into for profit, petitioner has completely failed to produce evidence to support the deduction. We are of the opinion that the respondent is correct in his contention. The petitioner's testimony indicates that he made approximately 145 round trips from Foley to Mobile *56 during the year 1945, and that he carried four passengers who paid him $1 each per trip. This would indicate receipt from passengers of $580 instead of $150, as shown by the return. He offered no explanation as to his actual car expense or how he arrived at his estimate of 5" per mile which resulted in a claimed deduction of $607.75 for one of the items. He offers no explanation of the deduction of $32.53 except to say that it is the estimated cost of his own personal tools used on the job. He offers no explanation of how he arrived at a depreciation of $130 on the use of the automobile for profit. The deduction claimed in the amount of $71.50 for noonday meals while working in Mobile is not allowable, those meals being a personal living expense which cannot be deducted. On the evidence before us, the respondent's determination must be sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise - (1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *↩